FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
AUG 18 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCES ZAH,

    Plaintiff,

v.      No. CIV

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES
TOMMY THOMPSON, and
STEPHEN PETRAKIS, M.D.,

    Defendants.

CIV - 03 - 0956 BRB RHS

## COMPLAINT FOR DAMAGES AND OTHER RELIEF
## FOR EMPLOYMENT DISCRIMINATION AND DEPRIVATION OF CIVIL RIGHTS

### Parties

1. Plaintiff Frances Zah is a citizen of the United States of America and of the State of New Mexico.

2. Defendant United States Department of Health and Human Services ("Department" or "DHHS") is an agency established under the Constitution and laws of the United States of America. Among other things, it operated the Indian Health Service under the auspices of its subdivision called the "Bureau of Indian Affairs."

3. Defendant Tommy Thompson is the duly appointed Secretary of the Department. Depending on the context, and so as to afford Plaintiff the maximum relief available under the law, this Defendant is sued in both his individual and official capacities.

4. Defendant Stephen Petrakis, M.D., was at all pertinent times the person charged by the Department and Thompson with administering the unit of the Indian Health Service in which Plaintiff was at all pertinent times employed.

### Jurisdiction and Venue

5. This Court has jurisdiction because the rights, privileges, and immunities sought to be redressed herein are those secured by:

(a) the employment-discrimination prohibitions of Title VII of the Civil Rights Acts of 1964 and 1991, with particular reference to 42 U.S.C. §§ 2000e *et seq.*, and guidelines and regulations promulgated thereunder;

(b) the Equal Protection and Due Process Clauses of the First and Fifth Amendments to the United States Constitution, as implemented by 42 U.S.C. §1981, 1983 and 1985 and applicable to federal defendants per the decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 788, (1971) and progeny; and by

(c) 28 U.S.C. §§ 2201 and 2202 (declaratory relief).

6. Venue is proper because all acts and omissions complained of took place within the State of New Mexico, because Plaintiff is a resident of New Mexico, and because Defendants employed Plaintiff to work in their facilities in New Mexico.

### Allegations Common To All Counts

7. Plaintiff is a registered member of the Navajo Tribe of Native Americans, as recognized by the U.S. Bureau of Indian Affairs.

8. Plaintiff has been employed by Defendants as a Physician Assistant in the U.S. Indian Health Service for more than a decade.

9. At a point to be determined more precisely at trial, she fell under the supervision of Stephen Petrakis, M.D.

10. From that time until her constructive discharge in 2003, and because she is a Navajo and female, Plaintiff was subjected to disparate treatment and a hostile work environment that was created, encouraged, and facilitated by Petrakis, and by others acting under his supervision and either with his conspiracy and connivance, or with his knowing and willful tolerance of their anti-Navajo and anti-female conspiracy and connivance to discriminate against Plaintiff and to subject her to an ongoing hostile work environment.

11. Plaintiff duly and timely filed various race/national origin/gender discrimination complaints with Defendants Department and Thompson through their subordinate agencies as required by federal regulations, culminating in an appeal of various adverse decisions to the United Stated Equal Opportunity Commission ("EEOC").

12. The EEOC has had the case before it for adjudication for more than 180 days.

### COUNT I: RACE/NATIONAL AND/OR GENDER DISCRIMINATION BY DHHS (TITLE VII, CIVIL RIGHTS ACT OF 1964 AS AMENDED)

13. Plaintiff incorporates paragraphs 1 through 12 here as if fully set forth.

14. DHHS is an employer within the meaning of 42 U.S.C. §2000e (b). It employs more than 500 employees.

15. All acts and/or omissions complained of herein were engaged in by duly authorized agents of the Department, each purporting to act within the scope and course of his or her employment.

16. The disparate treatment of Plaintiff and the continuous hostile work environment to which she was subjected were motivated by impermissible and unlawful discrimination

against Plaintiff based on her race/national origin (Native American/Navajo) and gender (female).

17. Plaintiff has suffered damages in the form of, among other things, lost compensation, loss of career opportunities, and severe mental and emotional distress, as a direct result of the discriminatory action alleged above.

18. The discrimination alleged in the preceding paragraphs was knowing, intentional, malicious, willful and in blatant disregard of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, to be free from discrimination on the basis of race and/or national origin.

19. Because DHHS unlawfully discriminated against Plaintiff in her employment, it is liable to Plaintiff for:

(a) compensatory damages for past and future lost earnings, lost career opportunities, humiliation, emotional distress, damage to reputation, loss of the enjoyment of life, and other injuries to be proved at trial;

(b) attorney's fees and costs;

(c) pre- and post-judgment interest; and

(d) such other relief as this Court deems just and proper.

## COUNT II: DEPRIVATION OF CIVIL RIGHTS (§1981, 1983, 1985)

20. Paragraphs 1 through 12 and 13 through 18 are incorporated here by reference as if fully set forth.

21. At least as early as the decision in *Navajo Nation v. State of New Mexico*, 975 F.2d 741 (10th Cir. 1992), it was clearly established law that Navajos are a protected group for purposes of the Constitution and civil rights laws of the United States.

22. Defendants' conduct, including but not limited to that of Petrakis, as alleged above was knowing, intentional, malicious, willful, and in blatant disregard of rights guaranteed to Plaintiff under 42 U.S.C. §1981, 1983 and 1985.

23. Because Defendants discriminated against Plaintiff as described above:

(a) Defendants Thompson and Petrakis in their individual capacities are liable to Plaintiff for compensatory damages for lost earnings, lost career opportunities, humiliation, emotional distress, damage to reputation, loss of the enjoyment of life, and other injuries;

(b) Defendants Thompson and Petrakis in their individual capacities are liable to Plaintiff for punitive damages sufficient to punish them for, and to deter their agents and others from, such malicious, willful, unlawful and reckless conduct;

(c) Defendants Thompson and Petrakis in their individual capacities are liable for Plaintiff's reasonable attorney's fees and costs; and

(d) Defendants should be ordered to provide such other relief as this Court deems just and proper.

## Prayer for Relief

WHEREFORE Plaintiff requests that this Court grant the following relief:

A. A judgment declaring that Defendants violated Title VII of the Civil Rights Acts of 1964 and 1991 as amended, and deprived Plaintiff of her civil rights under 42 U.S.C §1981, 1983, and/or 1985.

B. Compensatory damages in an amount to be proved at trial for past and future loss of earnings; loss of career potential; loss of the enjoyment of life; loss of reputation; humiliation; and mental and emotional distress.

C. Punitive damages against the individual Defendants for the violations of §1981, 1983 and/or 1985.

D. Plaintiff's costs, including any expert fees reasonably and necessarily incurred in the action.

E. Plaintiff's reasonable attorney fees.

F. Pre- and post-judgment interest.

G. Such other and further legal and equitable relief as the Court deems just.

Respectfully,

_____
Herbert M. Silverberg
318 Solano Drive, S.E.
Albuquerque, New Mexico 87108-2650
(505) 265-6565
Attorney for Plaintiff